IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERACTIVE INTELLIGENCE, INC., )<br>an Indiana corporation, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>PRESENCE TECHNOLOGY, LLC, )<br>a Delaware limited liability company, )<br> )<br>Defendant. ) | ) Civil Action No.<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Interactive Intelligence, Inc. ("Interactive Intelligence") for its Complaint against Defendant Presence Technology, LLC ("Presence") avers the following:

## NATURE OF THE ACTION

1. This is a civil action for infringement of United States Patent No. 6,804,346 ("the '346 Patent"). A copy of the '346 Patent is attached to this complaint as Exhibit A.

2. As alleged herein, Presence – individually, jointly and/or with others – has infringed (literally and/or by equivalents), and continues to infringe, Interactive Intelligence's patent rights by making, using, importing, selling, and/or offering to

sell within the United States substantive progress dialer products covered by one or more patent claims, and/or by contributing to and/or inducing such infringement.

## THE PARTIES

3. Plaintiff Interactive Intelligence is an Indiana corporation having a principal place of business at 7601 Interactive Way, Indianapolis, Indiana 46278.

4. Upon information and belief, Defendant Presence is a Delaware limited liability company, having a principal place of business at 1200 Ashwood Parkway, Suite 410, Atlanta, Georgia 30338.

5. Upon information and belief, Defendant Presence is a Private Equity Division of the Corporación Financiera Valora, having a principal place of business at Ávila 60-64, Barcelona, Spain 08005.

## JURISDICTION & VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over Presence *inter alia* because Presence resides in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

8. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391 and 1400 because Presence, without limitation, has committed acts of infringement in the State of Georgia and this District, Presence does business in Georgia and in this District, and Presence resides in and is subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

### A. Interactive Intelligence Predictive Dialing Technology

9. Interactive Intelligence is a leading software provider in the field of unified business communication solutions for call centers using substantive progress dialer technology, and it has offices throughout North America, Latin America, Europe, the Middle East, Africa, and the Asia Pacific region.

10. Interactive Intelligence is one of *Software Magazine*'s 2013 Top 500 Global Software and Service Providers and is the recipient of TMC's *Cloud Computing Magazine*'s 2012 Cloud Computing Excellence Award.

11. It has received Frost & Sullivan's 2013 Cloud-based Company of the Year Award, Contact Center Systems, North America, recognizing a high degree of innovation with products and technologies and the resulting customer value and market penetration leadership.

12. Interactive Intelligence's technology relevant to this dispute is employed by call centers to evaluate the substantive progress of a currently active call handled by an agent to determine when to initiate a subsequent call for handling by that agent or another agent in the call center. *See* INTERACTION DIALER® Product Brochure attached to this Complaint as Exhibit B.

13. More specifically, Interactive Intelligence's patented predictive dialing software uses real-time statistics to estimate when each agent will finish a current call and adjusts dynamically if any factors change.

14. Applying an algorithm to these statistics, a call center system using Interactive Intelligence's technology queues and places multiple outbound calls while agents are busy to ensure that a targeted party answers the moment an agent becomes available.

15. This substantive progress dialer technology minimizes down time for the agent, who would otherwise have to conclude the current call and then wait until the next caller had been contacted and moved through the call process to the point at which the caller needed to speak to the agent.

16. On October 12, 2004, the '346 Patent, titled "Staged Predictive Dialing System," was duly and legally issued to Interactive Intelligence.

17. Interactive Intelligence has been at all relevant times hereto and remains the owner of all rights, title, and interest in the '346 Patent.

18. The '346 Patent is valid and enforceable.

19. Interactive Intelligence's substantive progress dialer system software, first licensed under the brand INTERACTION DIALER® 2.0, has enjoyed enormous commercial success in the United States and around the world since it was first launched in 1999.

**B.     The Accused Products**

20. Upon information and belief, Presence makes, uses, sells, offers to sell, and/or imports software products incorporating substantive progress dialer technology.

21. Upon information and belief, the products marketed and sold by Presence under the names "Presence Voice Outbound," "Presence Technology All-in-One Suite," "Presence Scripting," and "Presence RoboDialer" (referred to hereinafter collectively as the "Accused Products") embody and/or contain substantive progress dialer technology. *See* Presence Voice Outbound White Paper; a copy of which is attached to this Complaint as Exhibit C; Presence Voice Outbound webpage, a copy of which is attached to this Complaint as Exhibit D; Presence RoboDialer White Paper, a copy of which is attached to this Complaint as

Exhibit E; Presence Scripting webpage, a copy of which is attached to this Complaint as Exhibit F; Presence All-In-One Suite White Paper a copy of which is attached to this Complaint as Exhibit G.

22. When a customer or Presence uses an Accused Product in predictive dialing mode, "calls are automatically generated before the agent concludes an interaction and becomes available again. . .." Exhibit C, at 13.

23. Upon information and belief, the Accused Products embody and/or practice the '346 Patent's claimed apparatus, system, and/or method for substantive progress dialer technology.

## COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 6,804,346

24. Interactive Intelligence incorporates by reference paragraphs 1 through 23 as if fully set forth herein.

25. Interactive Intelligence is the owner of the '346 Patent and has the right to sue on the '346 Patent.

26. Presence has infringed (literally and/or by equivalents), and is continuing to infringe, the '346 Patent by making, using, importing, selling, and/or offering to sell the Accused Products within the United States, and/or by contributing to and/or inducing such infringement.

27. For example, on information and belief, Presence – individually, jointly, and/or with others – makes, uses, imports, sells and/or offers to sell within the United States infringing software products incorporating substantive progress dialer technology, including without limitation, for example, the Accused Products.

28. Upon information and belief, Presence had actual knowledge of the '346 Patent before the filing of this Complaint.

29. Upon information and belief, use of an Accused Product in the United States by Presence's customers directly infringes at least claims 1, 6, 12, and 27 of the '346 Patent.

30. Upon information and belief, by making, using, importing, selling, and/or offering to sell the Accused Products in the United States, Presence, with specific intent, has actively induced others to infringe the '346 Patent under 35 U.S.C. § 271(b).

31. Upon information and belief, an Accused Product constitutes a material part of the invention claimed in the '346 Patent.

32. Upon information and belief, Presence has both the knowledge and intent that the Accused Products that it makes, uses, imports, sells, and/or offers to sell in the United States will be used in an infringing manner, and Presence encourages and promotes the Accused Products to be used in an infringing manner.

33. Upon information and belief, Presence is making, using, importing, selling, and/or offering to sell in the United States the Accused Products with knowledge that (1) the Accused Products are especially made or especially adapted for use in an infringement of the '346 Patent, and (2) the Accused Products are not staple articles or commodities of commerce suitable for noninfringing use. Presence is therefore liable as a contributory infringer under 35 U.S.C. § 271(c).

34. Upon information and belief, Presence's acts of direct and/or indirect infringement of the '346 Patent are and have been willful, have caused and will continue to cause Interactive Intelligence to suffer substantial damages, and have caused and will continue to cause Interactive Intelligence to suffer irreparable harm for which there is no adequate remedy at law.

35. Interactive Intelligence seeks damages and preliminary and permanent injunctive relief against further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Interactive Intelligence prays for the following relief against Presence on Count One of the Complaint:

a) that judgment be entered in favor of Interactive Intelligence and against Presence;

b) that the Court find that Presence's infringing activities were undertaken willfully;

c) that Presence and its affiliates, parents, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them or on their behalf, or acting in concert with them, are preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283 from:

1) manufacturing, having manufactured by a third party, using, importing, selling, and offering to sell in the United States the Accused Products and any other product that infringes the '346 Patent;

2) actively inducing any other person to infringe the '346 Patent;

3) contributing to the infringement of the '346 Patent by any other person; and

4) performing any further acts of infringement of the '346 Patent;

d) that Presence be ordered pursuant to 35 U.S.C. § 284 to account to and pay Interactive Intelligence for the actual damages suffered by Interactive Intelligence as a result of Presence's acts of infringement of the '346 Patent, as set forth in this Complaint, the exact extent of which cannot be determined by Interactive Intelligence;

e) that the Court increase Interactive Intelligence's damages award pursuant to 35 U.S.C. § 284;

f) that the Court find this case to be exceptional under 35 U.S.C. § 285 and award Interactive Intelligence its reasonable attorneys' fees, costs, and expenses for having to bring this action to preserve its rights in the '346 Patent and enjoin Presence's willful infringement of the '346 Patent;

g) that Presence be ordered to deliver up for destruction all Accused Products in its possession or control in the United States;

h) that Interactive Intelligence be awarded prejudgment and postjudgment interest; and

i) that Interactive Intelligence be awarded such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Interactive Intelligence. hereby demands a trial by jury on all issues so triable.

Dated:  November 7, 2013		Respectfully submitted,


/s/ Elizabeth G. Borland
Elizabeth G. Borland
GA Bar No. 460313
egborland@sgrlaw.com
SMITH, GAMBRELL, AND RUSSELL, LLP
Promenade, Suite 3100
1230 Peachtree Street N.E.
Atlanta, GA  30309
Phone:  (404) 815-3645
Fax:  (404) 685-6945

Holiday W. Banta, *admission pro hac vice pending*
Jonathan E. Payne, *admission pro hac vice pending*
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
P: (317) 236-2100
F: (317) 592-5453
H.Banta@icemiller.com
Jonathan.Payne@icemiller.com

*Attorneys for Plaintiff Interactive Intelligence, Inc.*