# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| INTERACTIVE INTELLIGENCE, INC., *Plaintiff*, v. PRESENCE TECHNOLOGY, LLC, *Defendant*. | Civil Action No. 1:13-cv-03688-AT |

## DEFENDANT PRESENCE TECHNOLOGY, LLC'S
## FIRST AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS

Defendant Presence Technology, LLC ("Presence") hereby sets forth in sequential order its First Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff Interactive Intelligence, Inc.'s ("Interactive") Complaint as follows:

## ANSWER

Responding to the individually enumerated paragraphs of the Complaint, Presence states as follows:

## NATURE OF THE ACTION

1. Presence admits that, on its face, the Complaint purports to be an action by Interactive for patent infringement, but Presence denies infringement and

the legal sufficiency of Interactive's claims and allegations in support thereof. Presence admits that what appears to be a copy of U.S. Patent No. 6,804,346 ("the '346 patent") is attached to the Complaint. Presence denies that it has infringed or is now infringing, directly or indirectly, any valid claim of the '346 Patent, and Presence denies that Interactive's Complaint states a claim upon which relief can be granted. To the extent not expressly admitted, Presence denies any remaining allegations of paragraph 1 of the Complaint.

2. Presence denies that it has infringed or is now infringing, directly or indirectly (literally and/or by equivalents), any valid claim of the '346 Patent. To the extent not expressly admitted, Presence denies any remaining allegations of paragraph 2 of the Complaint.

## THE PARTIES

3. Presence is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 3 of the Complaint, and, on that basis, denies those allegations.

4. Admitted.

5. Presence admits that Corporación Financiera Valora (headquartered in Barcelona, Spain) holds, via various subsidiaries, the majority of shares in

Presence.  To the extent not expressly admitted, Presence denies any remaining allegations of paragraph 5 of the Complaint.

## JURISDICTION & VENUE

6.      Presence admits that the Court has subject matter jurisdiction over patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Presence denies that Interactive's Complaint states a claim upon which relief can be granted.  To the extent not expressly admitted, Presence denies any remaining allegations in paragraph 6.

7.      Presence admits that it is subject to the personal jurisdiction of this Court for purposes of this case.  To the extent not expressly admitted, Presence denies any remaining allegations in paragraph 7.

8.      Presence admits that venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.  To the extent not expressly admitted, Presence denies any remaining allegations in paragraph 8.

## GENERAL ALLEGATIONS

**A.      Interactive Intelligence Predictive Dialing Technology**

9.      Presence is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 9 of the Complaint, and, on that basis, denies those allegations.

10. Presence is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 10 of the Complaint, and, on that basis, denies those allegations.

11. Presence is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 11 of the Complaint, and, on that basis, denies those allegations.

12. Presence is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 12 of the Complaint, and, on that basis, denies those allegations.

13. Presence is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 13 of the Complaint, and, on that basis, denies those allegations.

14. Presence is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 14 of the Complaint, and, on that basis, denies those allegations.

15. Presence is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 15 of the Complaint, and, on that basis, denies those allegations.

16.     Presence admits that Exhibit A to the Complaint purports to be a copy of U.S. Patent No. 6,804,346, which includes the title "Staged Predictive Dialing System" and purports to indicate an issue date of October 12, 2004. Presence is without sufficient knowledge or information to admit or deny any remaining allegations set forth in paragraph 16 of the Complaint, and, on that basis, denies those allegations.

17.     Presence is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 17 of the Complaint, and, on that basis, denies those allegations.

18.     Presence denies the allegations of paragraph 18 of the Complaint.

19.     Presence is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 19 of the Complaint, and, on that basis, denies those allegations.

**B.     The Accused Products**

20.     Presence denies that it has infringed or is now infringing, directly or indirectly (literally and/or by equivalents), any valid claim of the '346 Patent. Presence is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 20 of the Complaint, and on that basis denies them.

21.   Presence denies that it has infringed or is now infringing, directly or indirectly (literally and/or by equivalents), any valid claim of the '346 Patent. Presence is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 21 of the Complaint, and on that basis denies them.

22.   Presence admits that Exhibit C to the Complaint contains the text excerpted in paragraph 22 of the Complaint ("calls are automatically generated before the agent concludes an interaction and becomes available again . . . ."). Presence is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 22 of the Complaint, and on that basis denies them.

23.   Presence denies the allegations of paragraph 23 of the Complaint.

**COUNT 1:  [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,804,346**

24.   Presence repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-23 of the Complaint.

25.   Presence is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 25 of the Complaint, and, on that basis, denies those allegations.

26. Presence denies that it has infringed or is now infringing, directly or indirectly (literally or by equivalents), any valid claim of the '346 Patent. Interactive's purported claims for induced infringement and contributory infringement fail to state claims upon which relief can be granted, and Presence has filed a Motion to Dismiss those purported claims pursuant to Fed. R. Civ. P. 12(b)(6). Presence denies any remaining allegations of paragraph 26 of the Complaint.

27. Presence denies the allegations of paragraph 27 of the Complaint.

28. Presence denies the allegations of paragraph 28 of the Complaint.

29. Presence denies the allegations of paragraph 29 of the Complaint. Interactive's purported claims for induced infringement and contributory infringement fail to state claims upon which relief can be granted, and Presence has filed a Motion to Dismiss those purported claims pursuant to Fed. R. Civ. P. 12(b)(6).

30. Presence denies the allegations of paragraph 30 of the Complaint. Interactive's purported claim for induced infringement fails to state a claim upon which relief can be granted, and Presence has filed a Motion to Dismiss that purported claim pursuant to Fed. R. Civ. P. 12(b)(6).

31. Presence denies the allegations of paragraph 31 of the Complaint. Interactive's purported claims for contributory infringement fails to state a claim upon which relief can be granted, and Presence has filed a Motion to Dismiss that purported claim pursuant to Fed. R. Civ. P. 12(b)(6).

32. Presence denies the allegations of paragraph 32 of the Complaint. Interactive's purported claim for induced infringement fails to state a claim upon which relief can be granted, and Presence has filed a Motion to Dismiss that purported claim pursuant to Fed. R. Civ. P. 12(b)(6).

33. Presence denies the allegations of paragraph 33 of the Complaint. Interactive's purported claim for contributory infringement fails to state a claim upon which relief can be granted, and Presence has filed a Motion to Dismiss that purported claim pursuant to Fed. R. Civ. P. 12(b)(6).

34. Presence denies the allegations of paragraph 34 of the Complaint. Interactive's purported claim for willful infringement fails to state a claim upon which relief can be granted, and Presence has filed a Motion to Dismiss that purported claim pursuant to Fed. R. Civ. P. 12(b)(6).

35. Presence admits that Interactive's Complaint recites requests for remedies. Presence denies any remaining allegations of paragraph 35 of the Complaint and expressly denies that Interactive is entitled to any relief whatsoever.

## GENERAL DENIAL

Except as specifically admitted, Presence denies each and every allegation contained in paragraphs 1-35 of the Complaint and denies that Interactive is entitled to any of the relief requested in its Prayer for Relief.

## JURY DEMAND

Presence admits that the Complaint sets forth a demand for a jury trial.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without conceding that any of the following necessarily must be pled as an affirmative defense or that Presence necessarily bears the burden of persuasion for any of the following, Presence incorporates by reference each of its responses to paragraphs 1 through 35 as if fully set forth herein and asserts the following defenses to Interactive's Complaint:

### First Affirmative Defense

Presence has not and does not infringe, directly or indirectly, any valid claim of the '346 Patent, under any theory, either literally or under the doctrine of equivalents.

**Second Affirmative Defense**

The claims of the '346 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code §§ 101, 102, 103 and/or 112.

**Third Affirmative Defense**

Interactive's Complaint fails to state a claim upon which relief can be granted. By way of example only, Interactive's purported claims for induced infringement, contributory infringement, and willful infringement fail to state a claim upon which relief can be granted, and Presence has filed a Motion to Dismiss those purported claims pursuant to Fed. R. Civ. P. 12(b)(6).

**Fourth Affirmative Defense**

By virtue of the proceedings in the United States Patent & Trademark Office during the prosecution of the application(s) that matured into the '346 Patent, as illustrated by their prosecution histories, Interactive is estopped from asserting that Presence has infringed directly or indirectly, any claim of any of the '346 Patent, either literally or under the doctrine of equivalents.

### Fifth Affirmative Defense

Interactive is not entitled to injunctive relief, at least because any purported injury to Interactive is not immediate or irreparable, and Interactive has an adequate remedy at law.

### Sixth Affirmative Defense

Upon information and belief, Interactive's patent infringement claims are barred based on the doctrine of laches.

### Seventh Affirmative Defense

Upon information and belief, Interactive's patent infringement claims are barred based on the doctrine of equitable estoppel.

### Eighth Affirmative Defense

Upon information and belief, Interactive's patent infringement claims are barred based on the doctrine of waiver.

### Ninth Affirmative Defense

Interactive's patent infringement claims are barred, at least in part, by the statute of limitations, 35 U.S.C. § 286.

### Tenth Affirmative Defense

Upon information and belief, Interactive's claims for damages for purported patent infringement are limited by 35 U.S.C. § 287.

**Eleventh Affirmative Defense**

Interactive's patent infringement claims are barred or otherwise limited by the doctrines of license, exhaustion, and/or implied license.

**Twelfth Affirmative Defense**

Interactive is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

**COUNTERCLAIMS**

Presence Technology, LLC ("Presence") hereby alleges the following Counterclaims against Interactive Intelligence, Inc. ("Interactive"):

**General Allegations and Parties**

36. Presence is a Delaware limited liability company, having a principal place of business at 1200 Ashwood Parkway, Suite 410, Atlanta, Georgia 30338.

37. Interactive has asserted it is an Indiana corporation with a principal place of business at 7601 Interactive Way, Indianapolis, Indiana 46278.

38. Interactive has subjected itself to the jurisdiction of this Court via, *inter alia*, asserting its infringement claims. This Court has subject matter jurisdiction over Presence's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue lies in this district based on Interactive's assertion of its patent infringement claims and/or based on 28 U.S.C. §§ 1391 and 1400(b).

39. By virtue of Interactive's Complaint, an actual and justiciable case or controversy exists between the parties concerning Presence's non-infringement and the invalidity of U.S. Patent No. 6,804,346 ("the '346 patent"). A judicial declaration under 28 U.S.C. § 2201 is necessary and appropriate to resolve this controversy.

## COUNT I
### (Declaratory Judgment of Non-infringement)

40. Presence repeats and re-alleges the allegations and averments set forth in paragraphs 36 through 39 of these Counterclaims.

41. Interactive claims to be the owner of the '346 Patent, including the right to enforce the '346 Patent.

42. Interactive has asserted that Presence is infringing the '346 Patent, and Interactive has pointed to at least one Presence product that allegedly infringes the '346 Patent.

43. Presence has not in the past, and does not now make, use, sell, offer to sell, or import any products that infringe any valid claim of the '346 Patent, either directly or indirectly; and Presence does not and has not infringed, contributed to the infringement of, or induced infringement of any valid claim of the '346 Patent either literally or under the doctrine of equivalents.

44. Presence seeks and is entitled to a declaration that neither the products identified in Interactive's complaint nor any other Presence product directly infringes any claim of the '346 Patent, and that Presence has not induced infringement of, and has not contributed to, the infringement of any claim of the '346 Patent either literally or under the doctrine of equivalents.

45. This case qualifies as an exceptional case under 35 U.S.C. § 285.

## COUNT II
### (Declaratory Judgment of Invalidity)

46. Presence repeats and re-alleges the allegations and averments set forth in paragraphs 36 through 39 of this Counterclaim.

47. Presence seeks and is entitled to a declaration that the claims of the '346 patent are invalid for failure to comply with the requirements of Title 35 of the United States Code §§ 101, 102, 103, and/or 112.

48. This case qualifies as an exceptional case under 35 U.S.C. § 285

## DEMAND FOR JURY TRIAL

Presence hereby demands trial by jury for all issues so triable in connection with both Interactive's Complaint and Presence's Defenses and Counterclaims.

# **PRAYER FOR RELIEF**

WHEREFORE, Presence prays for a declaration and judgment against Plaintiff and Counterclaim-Defendant Interactive Intelligence, Inc. as follows:

A.   that Interactive's Complaint be dismissed with prejudice;

B.   that Interactive be denied any and all relief it has requested in its Complaint;

C.   that the Court deny any form of injunctive relief in favor of Interactive and against Presence;

D.   that Interactive shall take nothing by way of its Complaint;

E.   that Presence has not infringed and is not infringing any valid claim of the '346 Patent, directly or indirectly, either literally or under the doctrine of equivalents;

F.   that each and all of the claims of the '346 Patent are invalid and/or unenforceable;

G.   that all costs of this case shall be awarded to Presence;

H.   that the Court find that this case is an exceptional case under 35 U.S.C. § 285, and that Interactive be required to pay costs of suit that Presence has incurred, including attorneys' fees and costs, pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

I.      that Presence be granted such other and further relief as this Court deems just and equitable.

Respectfully submitted this 14th day of January, 2014.

*/s/Noah C. Graubart*
Christopher O. Green
Georgia Bar No. 037617
Noah C. Graubart
Georgia Bar No. 141862
Jerre B. Swann, Jr.
Georgia Bar No. 694060
Brian P. Boyd
Georgia Bar No. 553190
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Phone:  404-892-5005
Fax:  404-892-5002
green@fr.com
graubart@fr.com
swann@fr.com
bboyd@fr.com

**ATTORNEYS FOR DEFENDANT
PRESENCE TECHNOLOGY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have electronically filed the foregoing PRESENCE TECHNOLOGY, LLC'S FIRST AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS" with the Clerk of Court using the CM/ECF Systems, which will automatically send email notification of such filing to all attorneys of record.

This 14th day of January, 2014.

/s/Noah C. Graubart
Noah C. Graubart