**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| INTERACTIVE INTELLIGENCE, INC., an Indiana corporation, | ) ) ) | |
| Plaintiff and Counterclaim Defendant, | ) ) | CIVIL ACTION |
| v. | ) ) | FILE NO. 1:13:CV-3688-AT |
| PRESENCE TECHNOLOGY, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant and Counterclaimant. | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Local Rule 16.2, Plaintiff Interactive Intelligence, Inc. ("Interactive Intelligence") and Defendant Presence Technology, LLC ("Presence"), hereby jointly file this Joint Preliminary Report and Scheduling Order.

## 1.    Description of Case:

(a)    Describe briefly the nature of this action.

This is an action for patent infringement regarding Presence's alleged infringement of Interactive Intelligence's U.S. Patent No. 6,804,346 (the "'346 Patent"). The title of the '346 Patent is Staged Predictive Dialing System.

1

Interactive Intelligence contends that Presence has infringed (literally and/or by equivalents), and is continuing to infringe, the '346 Patent by making, using, importing, selling, and/or offering to sell the products marketed and sold by Presence in the United States under the names "Presence Voice Outbound," "Presence Technology All-in-One Suite," "Presence Scripting," and "Presence RoboDialer" (referred to hereinafter collectively as the "Accused Products") within the United States.

Presence denies infringement and alleges that the '346 Patent is invalid. Presence has counterclaimed for declaratory judgments that the asserted claims of the '346 Patent are invalid and not infringed.

(b)     Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.

### Plaintiff's Contentions:

Interactive Intelligence is an Indiana corporation having a principal place of business at 7601 Interactive Way, Indianapolis, Indiana 46278, and is the owner of the '346 Patent.  Interactive Intelligence contends that Presence has imported into, manufactured, had manufactured by a third party, distributed, sold, used, and/or offered to sell in the United States Accused Products incorporating substantive

2

progress dialer technology that infringe one or more claims of the '346 Patent. Interactive Intelligence also contends that Presence has induced and specifically intends to induce its end users to use the Accused Products to infringe one or more claims of the '346 Patent by promoting in its advertising the alleged benefits of the substantive progress dialer technology present in the Accused Products. Interactive Intelligence contends that Presence has contributed to the infringement of one or more claims of the '346 Patent because 1) the substantive progress dialer technology of the Accused Products constitutes a material part of the invention claimed in the '346 Patent; 2) Presence has both the knowledge and the intent that the substantive progress dialer technology of the Accused Products that it makes, uses, sells, offers for sale, and/or imports in the United States will be used in an infringing manner, and Presence promotes and encourages end users to use the substantive progress dialer technology of the Accused Products in an infringing manner; 3) Presence has knowledge that the substantive progress dialer technology of the Accused Products is especially made or especially adapted for use in an infringement of the '346 Patent; and 4) Presence has knowledge that the substantive progress dialer technology of the Accused Products is not a staple article or commodity of commerce suitable for substantial non-infringing use.

3

As a result of Presence's acts of direct and/or indirect infringement of the '346 Patent, Interactive Intelligence has suffered substantial damage and has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Interactive Intelligence therefore seeks damages and preliminary and permanent injunctive relief against further infringement.

**Defendant's Contentions:**

Presence contends that it has not infringed any valid and enforceable claim of the '346 patent directly, indirectly, literally, or under the doctrine of equivalents; that any asserted claim of the '346 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112; and that Interactive Intelligence's claims are barred by other affirmative defenses.

Specifically, Presence additionally contends that Interactive Intelligence's Amended Complaint fails to state a claim upon which relief can be granted; Interactive Intelligence's claims for relief are barred, in whole or in part, by reason of statements or admissions made during prosecution before the United States Patent and Trademark Office leading to, concurrently with, and/or following the issuance of the '346 patent; Interactive Intelligence is not entitled to injunctive relief, at least because any purported injury to Interactive Intelligence is not immediate or irreparable, and Interactive has an adequate remedy at law;

4

Interactive Intelligence's claims are barred by the doctrines of laches, equitable estoppel, and waiver; Interactive Intelligence's claimed recovery for alleged infringement of the '346 patent, if any, is limited to any alleged infringement committed no more than six years prior to filing the Complaint, pursuant to 35 U.S.C. § 286; Interactive Intelligence's claims for damages are barred, in whole or in part, by its and/or its licensees' failure to properly mark relevant products as required by 35 U.S.C. § 287 or to provide notice under 35 U.S.C. § 287; Interactive Intelligence's claims are barred by the doctrines of license, exhaustion, and/or implied license; and Interactive Intelligence is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

(c)     The legal issues to be tried are as follows:

For Plaintiff:

1)     Whether Defendant has directly and/or indirectly infringed any claim of the '346 Patent;

2)     Whether Interactive Intelligence is entitled to damages or injunctive relief of any kind, and the amount and scope of such damages and injunctive relief.

SGR/11649332.1

3) Whether the case is exceptional under 35 U.S.C. § 285, entitling Interactive Intelligence to an award of its attorneys' fees if it prevails.

## For Defendant:

1) Whether Presence infringes or has infringed any claim of the '346 patents directly, indirectly, literally, or under the doctrine of equivalents;

2) Whether the '346 patent or any claims thereof are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112;

3) Whether Interactive Intelligence's claims are barred by the doctrines of license, exhaustion, and/or implied license;

4) Whether Interactive Intelligence's claims are barred by the doctrines of laches, waiver, and/or equitable estoppel;

5) Whether Interactive Intelligence's claimed recovery for alleged infringement of the '346 patent, if any, is limited to any alleged infringement committed no more than six years prior to filing the Complaint, pursuant to 35 U.S.C. § 286;

6) Whether Interactive Intelligence's claims for damages are barred, in whole or in part, by its and/or its respective licensees' failure to properly mark relevant products as required by 35 U.S.C. § 287 or to provide notice under 35 U.S.C. § 287;

7) Whether by reason of statements or admissions made during the prosecution before the United States Patent and Trademark Office leading to, concurrently with, and/or following the issuance of the '346 patent, and by reason of statements and admissions made by or on behalf of the applicant, Interactive Intelligence is estopped from claiming infringement by Presence of one or more claims of the '346 patent;

SGR/11649332.1

8) Whether Interactive Intelligence is barred by 35 U.S.C. § 288 from recovering costs associated with its action; and

9) Whether Interactive Intelligence is entitled to injunctive relief.

(d) The cases listed below (include both style and action number) are:

    (1) Pending Related Cases: None.

    (2) Previously Adjudicated Related Cases: None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

| | | |
|---|---|---|
| _____ | (1) | Unusually large number of parties |
| _____ | (2) | Unusually large number of claims or defenses |
| _____ | (3) | Factual issues are exceptionally complex |
| _____ | (4) | Greater than normal volume of evidence |
| __X__ | (5) | Extended discovery period is needed |
| _____ | (6) | Problems locating or preserving evidence |
| _____ | (7) | Pending parallel investigations or actions by the government |
| __X__ | (8) | Multiple use of experts |
| __X__ | (9) | Need for discovery outside United States boundaries |
| __X__ | (10) | Existence of highly technical issues and proof |

**3. Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties.

Plaintiff:  Holiday W. Banta, Ice Miller LLP, *admitted pro hac vice*

Defendant:  Noah C. Graubart, Fish and Richardson, PC.

**4.     Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____ Yes          _____X\_\_\_\_\_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claims(s) on which the objection is based.  Each objection should be supported by authority.

**5.     Parties to This Action**

(a)     The following persons are necessary parties who have not yet been joined:

None.

(b)     The following persons are improperly joined as parties:

None.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

SGR/11649332.1

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

As reported in its response in opposition to Defendant's Motion to Dismiss [Docket No. 23], Interactive Intelligence, Inc. has reserved its right to request leave to amend its Amended Complaint in the event that information is obtained during discovery that supports a claim for willful infringement against Defendant.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed will not be accepted for filing, unless otherwise permitted by law.

SGR/11649332.1

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).

(a)    *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)    *Summary Judgment Motions*:  within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)    *Other Limited Motions*:  Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony*:  Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

SGR/11649332.1

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

Based on information currently available to the parties, the parties do not object to serving initial disclosures.

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference with the Court at this time.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

SGR/11649332.1

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Interactive Intelligence believes that discovery may be needed on the following topics:

1) Facts and circumstances surrounding Defendant's development of the Accused Products;

2) Facts and circumstances surrounding Defendant's manufacture and importation of the Accused Products;

3) Facts and circumstances surrounding Defendant's and Defendant's customers' use of the Accused Products;

4) Facts and circumstances surrounding Defendant's and Defendant's distributors' and/or resellers' offers for sale and sales of the Accused Products;

SGR/11649332.1

5) Facts and circumstances surrounding Defendant's and Defendant's distributors' and/or resellers' marketing of the Accused Products; and

6) Interactive Intelligence's damages.

Defendant believes that discovery may be needed on the following topics:

1) Facts and circumstances surrounding the conception and reduction to practice of the subject matter claimed by the '346 patent;

2) Facts and circumstances surrounding the prosecution of the application that issued as the '346 patent;

3) Facts and circumstances surrounding prior art to the '346 patents;

4) Facts and circumstances surrounding Interactive Intelligence's knowledge of Presence's accused products;

5) Facts and circumstances surrounding any assignment, license, or transfer of title of the '346 patent or applications leading thereto;

6) Facts and circumstances surrounding any attempts to assign, transfer the title to, or license the '346 patent;

7) Facts and circumstances surrounding any marking or lack thereof of any of Interactive Intelligence's or its licensees' products that practice any invention claimed in the '346 patent;

8) Facts and circumstances surrounding the validity of each asserted claim of the '346 patent;

SGR/11649332.1

9)   Facts and circumstances surrounding the alleged infringement of each asserted claim of the '346 patent;

10)  Facts and circumstances related to Interactive Intelligence's claimed damages; and

11)  Facts and circumstances pertaining to the Presence's asserted affirmative defenses, including license, exhaustion, and/or implied license; laches, waiver, and/or equitable estoppel; prosecution history estoppel, and any other applicable defenses.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Interactive Intelligence anticipates that one or more depositions of individuals located in foreign countries may be required in order to discover facts concerning the development, manufacture, sale, offer for sale, and importation of the Accused Products into the United States. It is believed that the time necessary to comply with the dictates of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents will make compliance with the Court's requirement that all discovery be complete prior to the close of discovery difficult or impossible on an 8-month track. Interactive Intelligence therefore requests that the present case be assigned to a 12-month track for discovery.

SGR/11649332.1

The parties' proposed Scheduling Order is attached as Attachment A.

**11.   Discovery Limitation:**

(a)  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

*See* Attachment B.

(b)     Is any party seeking discovery of electronically stored information?

  X    Yes ____No

If "yes,"

(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

*See* Attachment B.

(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g.,

15

paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

*See* Attachment B.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

1) The parties will submit a Stipulated Protective Order in accordance with Local Patent Rule 2.2.

2) The parties request that the Court issue a Fed. R. Evid. 502 Order governing production of documents and will submit a stipulated form of order regarding same. *See* Attachment C.

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on January 23, 2014, and that they

SGR/11649332.1

participated in settlement negotiations.  Other persons who participated in the Rule 26(f) conference are listed according to party.

For Plaintiff:  Lead counsel (signature):  **s/ Holiday W. Banta**

Other participants:  Elizabeth  G.  Borland;  Jonathan  E. Payne

For Defendant :  Lead counsel (signature)  **s/ Noah C. Graubart**

Other participants:  Jerre B. Swann, Jr.; Brian P. Boyd

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

_____     A possibility of settlement before discovery.

___X___     A possibility of settlement after discovery.

_____     A possibility of settlement, but a conference with the judge is needed.

_____     No possibility of settlement

(c)     Counsel  (__X__) do  or  (____) do  not intend  to  hold  additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is unset at this time.

17

(d)     The following specific problems have created a hindrance to settlement of this case:

At present, the parties do not possess sufficient information regarding each other's claims and defenses to meaningfully discuss settlement.

**14.     Trial by Magistrate Judge:**

Note:   Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (___) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2014.

(b)     The parties (_X_) do not consent to having this case tried before a magistrate judge of this court.

SGR/11649332.1

Respectfully submitted, this 3rd day of February, 2014.

| SMITH, GAMBRELL, AND RUSSELL, LLP | FISH AND RICHARDSON, PC |
|---|---|
| s/ Elizabeth G. Borland<br>GA Bar No. 460313<br>egborland@sgrlaw.com<br>Promenade, Suite 3100<br>1230 Peachtree Street N.E.<br>Atlanta, GA 30309<br>Phone: (404) 815-3645<br>Fax: (404) 685-6945<br><br>Holiday W. Banta, admitted pro hac vice<br>Jonathan E. Payne, admitted pro hac vice<br>ICE MILLER LLP<br>One American Square, Suite 2900<br>Indianapolis, IN 46282<br>P: (317) 236-2100<br>F: (317) 592-5453<br>H.Banta@icemiller.com<br>Jonathan.Payne@icemiller.com<br><br>*Attorneys for Plaintiff and Counterclaim Defendant Interactive Intelligence, Inc.* | s/ Noah C. Graubart<br>Georgia Bar No. 141862<br>graubart@fr.com<br><br>Christopher O. Green<br>Georgia Bar No. 037617<br>green@fr.com<br><br>Jerre B. Swann, Jr.<br>Georgia Bar No. 6904060<br>swann@fr.com<br><br>Brian P. Boyd<br>bboyd@fr.com<br>1180 Peachtree St., NE, 21st Floor<br>Atlanta, Georgia 30309<br>(404) 892-5005<br>Fax: (404) 892-5002<br><br>*Attorneys for Defendant and Counterclaimant Presence Technology, LLC* |

SGR/11649332.1

\* \* \* \* \*

## SCHEDULING ORDER

Upon review of information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

_____

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2014.

_____
AMY TOTENBERG, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

SGR/11649332.1

## CERTIFICATE OF SERVICE

I hereby certify that on this February 3, 2014, I electronically filed the Parties' JOINT PRELIMINARY REPORT AND DISCOVERY PLAN with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Brian Patrick Boyd

Christopher Owen Green

Jerre B. Swann, Jr.

Noah C. Graubart

<u>s/ Elizabeth G. Borland</u>
Elizabeth G. Borland